FILED
LAL
SEP - 7 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LYNELL ALFORD, | ) | 05 C 5133 |
| Plaintiff, | ) | |
| v. | ) No. 05 C _____ | |
| | ) | JUDGE MANNING |
| CHICAGO POLICE OFFICERS | ) | |
| RONALD COLEMAN, Star No. 5922, | ) | |
| JOSHUA WALLACE, Star No. 16916, | ) MAGISTRATE JUDGE SCHENKIER | |
| LIONEL PIPER, Star No. 14650, | ) | |
| SYLVESTER MACKEY, Star No. | ) | |
| 19053, KENNETH JOHNSON, Star No. | ) | |
| 1743 and CITY OF CHICAGO, | ) | |
| | ) | JURY DEMANDED |
| Defendants. | ) | |

## COMPLAINT

Lynell Alford, by and thorough his attorneys Carlton Odim and Roger Malavia of Shestokas Raines Odim & Malavia, for his complaint against the defendants, Officer Ronald Coleman, Officer Joshua Wallace, Officer Lionel Piper, Officer Sylvester Mackey, Officer Kenneth Johnson, and the City of Chicago states as follows:

### Jurisdiction

1. This Court has jurisdiction of this action under the Civil Rights Act, 42 U.S.C. §1983 et seq.; the judicial code, 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and supplementary jurisdiction, as codified in 28 U.S.C. §1367(a).

### Parties

2. Plaintiff, Lynell Alford ("Alford"), is a citizen of the United States, who, at the time of the events complained of, resided in the city of Chicago, Illinois.

3. Defendant Chicago Police Officers -- Officer Ronald Coleman, Officer Joshua Wallace, Officer Lionel Piper, Officer Sylvester Mackey, Officer Kenneth Johnson, were at the time of the events complained of duly licensed Chicago Police Officers. They engaged in the conduct complained of while on duty in plain clothes, in the course and scope of their employment, and under color of state law. They are sued in their individual capacities.

4. Defendant, City of Chicago, is a municipal corporation, duly incorporated under the laws of the State of Illinois, is the employer and principal of the police officer defendants.

**Facts**

5. On June 16, 2004 at approximately 11:00 p.m., plaintiff Alford ("Alford") was at or near the corner of Coles Avenue and East 78th Place.

6. At the time and place referred to in the preceding paragraph, Alford noticed a man, one of the officer defendants, who was dressed in ordinary clothes and acting suspiciously.

7. Alford began to move away from the man. As Alford did so, the man shouted something like "Police! On the ground!"

8. On hearing these words, Alford momentarily halted his movement away from the man.

9. Alford reached into his back pocket, and in a sideward motion, he removed a gun and tossed it near some bushes in plain view of the man referred to in paragraph six (6) of this complaint. At no time did Alford raise or point the gun at anyone or anything.

2

10. On seeing the gun tossed away, the man again shouted to Alford something like "On the ground." Instead of getting on the ground, Alford turned his back to the man and began again to distance himself from the man, this time running.

11. A short time later, one or more of the defendant officers began to shoot bullets at Alford, striking him numerous times.

12. The use of force initiated by the defendant officers and the failure of each officer to intervene in the other's use of force, caused an excessive amount of force to be inflicted on Alford. That excessive force was unreasonable and unnecessary.

13. As a direct and proximate result of one or more of the acts and/or omissions of the defendant officers as described above, Alford has suffered and will continue to suffer serious and permanent personal injury, pain, suffering and mental anguish, including but not limited to permanent damage to his body as a result of being struck by numerous bullets; additionally, Alford has suffered and will continue to suffer severe emotional damage, including nightmares, panic attacks, and flashbacks. Alford also incurred attorney's fees to successfully fight the false charges against him and has incurred past medical bills and will incur future medical bills.

14. The defendant officers then conspired and agreed among themselves to cover up their use of excessive and unnecessary force on Alford by making false statements in their police reports, including that Alford sustained gunshot injuries while he was assaulting the defendant officers.

15. As part of this conspiracy, the defendant officers conspired and agreed among themselves to give false information to prosecutors and the criminal court, and to withhold material information from prosecutors and the criminal court.

3

Case: 1:05-cv-05133 Document #: 1 Filed: 09/07/05 Page 4 of 9 PageID #:4

16. At all times relevant to the allegations in this complaint, the defendant officers were on duty, were duly appointed and sworn police officers of the City of Chicago. The defendant officers engaged in the conduct complained of on June 16, 2004, in the course and scope of their employment, and while they were on duty. The defendant officers are sued in their individual capacity.

17. The defendant officers conspired to injury Alford by:

   a. Making false statements in their police reports, including but not limited to, that Alford sustained gunshot injuries while assaulting the defendant officers;

   b. Withholding information from the State's attorney which demonstrates the plaintiff's innocence of the criminal charges;

   c. Allowing a criminal action to be lodged against the plaintiff, knowing the allegations contained in the criminal charges to be false and failing to inform the States attorney that the allegations underlying the criminal charges were false;

   d. Using the criminal justice system as a device to cover-up the misconduct of the defendant officers;

   e. Generating false documentation to cover-up for the misconduct of the defendant officers.

18. In connection with the above described conspiracy, the defendant officers specifically engaged in communication on or about the date of the plaintiff's arrest, whereby the defendant officers agreed to facilitate, engage in, and support the activities alleged above. As a result of this conspiracy, the defendant officers by and through their conduct, proximately caused the plaintiff to be charged with multiple criminal

4

allegations, incur financial loss, and attorney fees and to suffer the damage described in this complaint.

19. As a direct and proximate result of the actions of the defendant officers as described in this complaint, Alford spent time in Cook County Jail.

20. It is the custom, practice and policy of police officers and/or their supervisors/agents and/or other employees of the City of Chicago to perform the following acts and/or omissions in connection with excessive force and malicious prosecution complaints that are directed at the Chicago Police Department:

    a. Supervisory individuals from the City of Chicago fail to properly discipline officers of the Chicago Police Department that have committed acts of excessive force upon an individual;

    b. Supervisory individuals from the City of Chicago fail to properly investigate complaints of excessive force committed by officers of the Chicago Police Department upon an individual;

    c. Supervisory individuals from the City of Chicago fail to take proper remedial action against officers of the Chicago Police Department once it sis determined that an act of excessive force has been committed by an officer of the Chicago Police Department upon an individual;

    d. Supervisory individuals from the City of Chicago fail to properly discipline officers of the City of Chicago Police Department who have committed acts of malicious prosecution against an individual;

5

  e. Supervisory individuals from the City of Chicago fail to properly investigate complaints of malicious prosecution committed by officers of the Chicago Police Department against an individual;

  f. Supervisory individuals from the City of Chicago fail to take proper remedial action against officers of the City of Chicago Police Department once it is determines that an act of malicious prosecution has been committed by an officer of the Chicago Police Department against an individual.

  21. This practice and/or custom, as alleged above, has gone unchecked and been allowed to exist in the City of Chicago for a significant period of time, so much so, that police officers for the City of Chicago recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the City of Chicago in order to permit said conduct to re-occur.

  22. The City of Chicago is a duly incorporated municipal corporation and is the employer and principal of the defendant officers as well as the other officers referred to in this Complaint, as indicated in the *Monell* claim alleged herein. At all times material to this complaint, the defendants were acting under the color of state law, ordinance and/or regulation, statutes, custom, and usages of the City of Chicago.

  23. The City of Chicago, by and through the Chicago Police Department, has retained District Commanders for the District that controls the location where the plaintiff was arrested. These Commanders are aware of the excessive and unreasonable force that the police officers for that District exercise in connection with civilians. The city of Chicago, knowing this activity to occur, has failed to take any action to correct the

situation, namely, discipline and/or terminate the District Commander(s) that control the District in question.

## COUNT 1
### § 1983 Excessive Force

24. Plaintiff re-alleges paragraphs 1 through 23.

25. The actions of the defendant officers amount to an excessive use of force on the plaintiff. This conduct violated the plaintiff's Fourth Amendment right to be free from unreasonable seizure.

26. The defendant officers acted maliciously, willfully, wantonly, and/or in reckless disregard of the plaintiff's constitutional right to be free from unreasonable seizure.

27. The actions of the defendant officers as described in this count were the direct and proximate cause of the constitutional violations described above.

**WHEREFORE**, plaintiff demands compensatory damages, punitive damages, costs, and attorneys fees against the defendant officers, jointly and severally. Additionally, plaintiff demands whatever additional relief this Court deems equitable and just.

## COUNT II
### *Monell* Claim

28. Plaintiff re-alleges paragraphs 1 through 23.

**WHEREFORE**, plaintiff demands compensatory damages against the City of Chicago, costs, and attorney's fees. Additionally, plaintiff demands whatever additional relief this Court deems equitable and just.

## COUNT III
### 745 ILCS 10/9-102 Claim against the City of Chicago

29. The Plaintiff re-alleges paragraphs 1 through 23.

30. The City of Chicago is the employer of the defendant officers identified in this complaint.

31. The defendant officers committed the acts described in this complaint under color of law and within the scope of their employment with the City of Chicago.

**WHEREFORE**, should the defendant officers be found liable for their actions under any of the counts of this complaint, plaintiff demands that, pursuant to 745 ILCS 10/9-102, the City of Chicago pay him the full amount of the judgment entered against the defendant officers.

## COUNT IV
### Supplementary Claim for *Respondeat Superior*

32. Plaintiff re-alleges paragraphs 1 through 23.

33. The defendant officers committed the acts described in this complaint while acting within the scope of their employment with the defendant City of Chicago. The defendant City of Chicago is therefore liable for the actions of the defendant officers, their agents, under the doctrine of *respondeat superior*.

**WHEREFORE**, should the defendant officers be found liable for their actions under any of the counts of this complaint brought under Illinois law, plaintiff demands judgment against the City of Chicago and demands such other additional relief as this Court deems equitable and just.

September 7, 2005

Respectfully submitted,

*[signature]*

Carlton E. Odim, Attorney at Law
Shestokas Raines Odim & Malavia, P.C.
Attorney for Plaintiff
19 South La Salle Street
Chicago, Illinois 60603
(312) 578-9390